# Attachment B

## CONFIDENTIALITY\NON-COMPETE AGREEMENT

This Confidentiality\Non-compete Agreement (the "Agreement") is by and between Signature Commercial Solutions, LLC, a Florida limited liability company d/b/a Signature Consultants (hereinafter referred to as "Signature") and _____ Miguel Gora (the "Employee") executed on __1/15/16__.

Signature desires to employ the Employee or to continue the employment of the Employee, and the Employee desires to be employed by Signature subject to the terms and conditions of this Agreement. In consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, including but not limited to Employee's employment or continued employment with Signature, training and experience in Signature's industry, opportunities for advancement and promotion, and other good and valuable consideration, the sufficiency and receipt of which the parties hereby acknowledge, the parties agree as follows:

**1    Duties of Employee**

Signature hereby employs the Employee and Employee agrees to be so employed and to perform the duties of such position in an efficient, trustworthy and businesslike manner, always acting in Signature's best interests. Employee's duties will include all those generally associated with said position subject to the direction and assignment of Employee's supervisor or manager. Signature may assign to Employee other or different duties as determined in Signature's discretion.

Employee will at all times give Employee's full attention and use best efforts for the benefit and advantage of Signature and will execute and perform such duties as may be appropriate to the responsibilities assigned to Employee and to the responsibilities of Employee's office. Employee agrees that while employed with Signature, Employee will not become gainfully engaged or employed (including self-employment), directly or indirectly, in any other employment, business or profession or any other activity requiring the devotion of any of Employee's time without the express, advance written approval of Signature.

**2    Term**

THE EMPLOYMENT OF THE EMPLOYEE BY SIGNATURE IS AT-WILL AND MAY BE TERMINATED BY EITHER PARTY AT ANY TIME, PROVIDED THAT THE EMPLOYEE AGREES TO GIVE SIGNATURE NO LESS THAN TWO (2) WEEKS PRIOR NOTICE. Except as otherwise expressly provided in this Agreement or Signature's employee benefit plans or as otherwise required by applicable law, upon the termination of Employee's employment with Signature, regardless of the date, cause or manner of such termination, Employee shall be entitled only to such compensation and benefits, including, but not limited to, salary, draws, commissions or bonuses, that Employee has earned through the effective date of such termination in accordance with Signature's commission and bonus plans. Employee agrees that according to the at-will nature of Employee's employment with Signature, Signature may change other terms and conditions of Employee's employment (including compensation, duties, and schedule without cause or notice, consistent with the terms of this Agreement.).

**3    Confidential and Proprietary Information**

   a. During the course of Employee's employment Signature has provided and/or will provide the Employee with access to certain proprietary, trade secret, and other confidential information belonging to Signature or to its affiliates, customers, or other third parties who may have furnished such information under obligations of confidentiality ("Confidential Information"). Confidential Information shall include, but not be limited to: actual and potential customer lists; candidate lists; candidate resumes; customer job orders and related information; employee lists; personnel records; information relating to employees and prospective employees; proposals; sales and marketing strategies; policies and procedures; training and operating materials; business and operating methods; computer software and systems; financial information; personally identifiable information (PII); and any other non-public information concerning or relating to the business, accounts, customers, employees, and\or affairs of Signature, its successors in interest, its subsidiaries, and\or its affiliates. PII is information that

1

can be used to uniquely identify, contact or locate a single person or can be used with other sources to uniquely identify a single individual, including but not limited to, an individual's name, SSN, and birth date. Confidential information also includes, without limitation, Trade Secrets, which means information protected to the broadest extent possible under applicable law as a trade secret. Signature endeavors to keep all Confidential Information and Trade Secrets confidential, and Employee agrees to cooperate fully in such efforts. Employee understands and agrees that all Confidential Information and Trade Secrets are unique, valuable and a special asset of Signature's business, which is worthy of protection. Employee understands Signature would suffer irreparable harm if the Employee were to use or disclose any Confidential Information and\or Trade Secrets in any way or for any purpose other than in performing Employee's duties under this Agreement in Signature's best interests.

    b. In consideration of Signature having provided and\or in contemplation of providing Employee with Confidential Information and Trade Secrets along with other good and valuable consideration, Employee agrees that during employment at Signature and at all times after such employment, Employee will keep all Confidential Information and Trade Secrets strictly confidential. Specifically, Employee agrees that, except as expressly authorized in writing by Signature, the Employee will:

        i. Hold all Confidential Information and\or Trade Secrets as a fiduciary in trust and use it only for the benefit of Signature in properly performing Employee's duties at Signature;

        ii. Not disclose Confidential Information and\or Trade Secrets to any third party;

        iii. Not use or disclose Confidential Information and\or Trade Secrets for any purpose whatsoever, other than in performance of Employee's duties under this Agreement and in Signature's best interests;

        iv. Not disclose, copy, sell and\or distribute Confidential Information and\or Trade Secrets for any reason whatsoever, other than in connection with Signature's business and operations and in Signature's best interests; and

        v. Immediately return Confidential Information and\or Trade Secrets and any copies or summaries thereof in Employee's possession or control upon completion of any work for Signature, Employee's separation from employment with Signature for any reason, and any all other property of Signature or upon request from Signature.

**4    Access to and Retrieval of Signature Property**

    a. Upon termination of employment (regardless of the reason), and at any other time at Signature's request, Employee will immediately deliver to Signature, or (if requested by Signature) destroy or permanently erase, all of Signature's property, including documents, handwritten notes, computer and physical files, records of Services Performed, keys and key cards, access codes, credit cards, tapes, disks and other electronic, optical or other media, and all other Signature property in Employee's possession or control.

    b. Employee agrees that all electronic communication systems and all electronic communications and stored information transmitted, received or contained in or over Signature's servers or other information systems are the property of Signature and are to be used for job-related purposes. This includes e-mail, text messages and any other form of social media passing over Signature's systems or telephone equipment and information viewed on the World Wide Web. All such data, information, e-mail, and messages are Signature's property. Employee agrees not to use those systems, software and equipment for personal purposes contrary to Signature's interests.

    c. Employee agrees that any information, files, e-mail, messages or other items relating to completion of Employee's duties for Signature which are undertaken away from the physical offices of Signature, whether stored on a computer or other device that is the property of Signature or not, or which is stored on other electronic media storage, or otherwise in physical

  or electronic format, are the property of Signature and subject to the provisions of (a) of this section.

d.  To ensure that use of Signature's information systems, equipment and software, and other electronic communication systems is consistent with Signature's policies and interests, Employee consents to Signature and its authorized representatives monitoring, retrieving, viewing and analyzing my use of those systems, equipment, software, and all information, data, e-mails, communications, or messages, at any time without any additional notice to or consent by Employee (including review of e-mails or other electronic communications or information viewed on the World Wide Web).

## 5 Expenditures

Employee covenants and agrees that in developing relationships with customers Employee will not expend funds in a fashion that may be construed as a payment for past, present or future business. Employee further covenants and agrees to seek prior approval from Employee's manager before making any expenditures.

## 6 Non-Competition

In consideration of Signature providing the Employee with access to Confidential Information and Trade Secrets, Signature's training of the Employee, and Signature's agreement to employ or continue the employment of the Employee, and in order to protect Signature's legitimate interests, including without limitation, Signature's Trade Secrets and Signature's Confidential Information, Employee agrees that following the termination of Employee's employment under this Agreement for any reason, Employee shall not, for a period of twelve (12) months do any of the following:

(a) (i) Perform Services, whether individually or on behalf of another employer or business, within a radius of fifty (50) miles of any Signature office to which Employee was assigned within the last twelve (12) months of Employee's employment; (ii) Perform Services related to the same Signature customer accounts which Employee worked on or handled, directly or indirectly, at any time during Employee's last twelve (12) months of employment; (iii) Perform Services related to the same consultants with whom Employee worked or had business contact, directly or indirectly, at any time during Employee's last twelve (12) months of employment.

(b) (i) solicit, directly or indirectly, any Signature customer for the purpose of providing services or products that are the same as, or substantially similar to, services or products offered by Signature; (ii) solicit, directly or indirectly, any Signature customer with whom Employee worked at any time during the last twelve (12) months of Employee's employment, for the purpose of providing services or products that are the same as, or substantially similar to, services or products offered by Signature; or (iii) persuade or induce any such customer to alter or reduce its use of services or products from Signatures.

(c) (i) solicit, directly or indirectly, any Signature consultant for the purpose of providing services or products that are the same as, or substantially similar to, services or products offered by Signature; or (ii) solicit, directly or indirectly, any Signature consultant whom Employee placed into a job opening, or with whom Employee worked, at any time during the last twelve (12) months of Employee's employment, for the purpose of providing services or products that are the same as, or substantially similar to, services or products offered by Signature.

(d) solicit or induce, directly or indirectly, any other Signature employee to leave his or her employment.

(e) "Perform Services" means: (i) engaging in the business of marketing and providing personnel to provide staffing services and/or consulting services in the field of information technology, accounting, finance, and any other field in which Signature recruits; (ii) recruiting and/or placing candidates into employment positions (temporary or permanent) in such fields; (iii) working with, or selling services to, customers which are seeking to fill such positions; (iv) supervising or managing individuals who perform the duties described in (e)(ii) or (e)(iii) above; or (v) performing the same or similar duties that Employee performed for Signature during the last twelve (12) months of Employee's employment.

3

Employee acknowledges that this covenant not to compete is necessary to protect the proprietary and related interests of Signature, and that the limitations contained in this paragraph are reasonable with respect to time, geographical area and scope of activities and do not impose a greater restraint than is necessary to protect the goodwill and other business interests of Signature, including the promises made by Employee in this paragraph. Should the Employee violate this paragraph this Agreement shall be extended automatically for the period of time from which the Employee began such violation until Employee permanently ceases such violation. The alleged breach of any other provision of this Agreement asserted by Employee shall not be a defense to claims arising from Signature's enforcement of this paragraph.

### 7  Employer's Remedies

Employee acknowledges that a violation or attempted violation of Employee's obligations under this Agreement will cause irreparable damage to Signature, and Employee therefore agrees that Signature shall be entitled as a matter of right to preliminary and permanent injunctive relief to enforce the terms of this Agreement and restrain any violation or further violation of such promises by Employee or Employee's employees, partners, or agents or other persons acting in concert with Employee. Such right to an injunction, however, shall be cumulative and in addition to whatever other remedies Signature may have. If any provision of Paragraphs 3 and\or 6 above is found to be invalid in whole or in part, Signature may elect, but shall not be required, to have such provision reformed, whether as to time, geographical area, scope of activities, or otherwise, as and to the extent required for its validity under applicable law; and, as so reformed, such provision shall be enforceable.

### 8  Waiver

The waiver by Signature of any breach of any provision of this Agreement by Employee shall not operate or be construed as a waiver or continuing waiver by Signature of the same or subsequent breach of any provision of this Agreement by Employee.

### 9  Entire Agreement

This Agreement constitutes the entire agreement between the parties hereto and supersedes all prior agreements and understandings, whether written or oral, relating to the subject matter of this Agreement.

### 10  Media Release

Employee grants permission to Signature Commercial Solutions, LLC d\b\a Signature Employees ("Signature") and any division, subsidiary, affiliate, parent, successor entity, in existence now or in the future, to use Employee's name, likeness, representation, voice, video, image or photographs (collectively referred to herein as an "Image") for use in any Signature publications including, but not limited to, recruiting brochures, videos, training materials, newsletters, display boards, newspapers, or magazines, and to use Image in electronic version of the same publications or on the Signature website or any other electronic forms or media (each a "Media").

Employee agrees that no compensation or consideration shall be due to Employee for the use (in full or in part) of any Image taken of Employee in any Media.

Employee waives any right to inspect or approve any Image or Media that may be used by Signature and Employee waives any right to royalties or other compensation arising from or related to the use for the Image or Media.

Employee has read this release before signing below, and fully understands the contents, meaning and impact of this release. Employee understands that Employee is free to address any specific questions regarding this release by submitting those questions in writing prior to signing to Signature's Corporate Human Resources Department, and Employee agrees that Employee's failure to do so will be interpreted as a free and knowledgeable acceptance of the terms of this release.

**11    Amendment**

This Agreement may be amended or modified only by a written instrument executed by both Signature and the Employee.

**12    Severability**

In case any provision of this Agreement shall be invalid, illegal or otherwise unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. The obligations and responsibilities contained herein shall continue after termination of this Agreement.

**13    Governing Law**

This Agreement shall be construed, interpreted and enforced in accordance with the laws of the State of Illinois without regard to any conflict of law principles. The parties agree that any dispute of any nature that may arise between them shall be adjudicated exclusively in a state or federal court within the County of Cook in the State of Illinois. Each party consents to jurisdiction and venue within such court and covenants not to bring suit in any other jurisdiction. If any party seeks to pursue litigation in any other jurisdiction, then the other party shall be recover attorneys' fees and costs incurred in opposing such action and enforcing this provision.

**14    Successors and Assigns**

Signature may assign its rights and\or obligations under this Agreement to any other person or entity, including, without limitation, any corporation with which or into which Signature may be merged or which may succeed to its assets or business. Because the obligations of the Employee are personal, Employee may not assign any rights and\or obligations under this Agreement without the express, written, advance approval of Signature.

**15    Pronouns**

Whenever the context may require the singular forms of nouns and pronouns used in this Agreement shall include the plural, and vice versa.

**16    Acknowledgement**

EMPLOYEE HEREBY EXPRESSLY ACKNOWLEDGES THAT PRIOR TO THE EXECUTION OF THIS AGREEMENT, EMPLOYEE WAS GIVEN AMPLE OPPORTUNITY TO CONSULT AN ATTORNEY OF

EMPLOYEE'S CHOICE AND IF EMPLOYEE CHOSE NOT TO UNDERTAKE SUCH CONSULTATION SUCH DECISION SHALL NOT IN ANY WAY AFFECT THE ENFORCEABILITY OF THIS AGREEMENT.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement.

**SIGNATURE COMMERICAL SOLUTIONS, LLC**

By _Michael Groian_

Name:_____

Title:_____

EMPLOYEE:

_____

6